**IN THE DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                              :
**THOMAS W. SHERWOOD,**                       :        **CIVIL ACTION**
                                              :
            **Plaintiff,**                    :        **Case No. 2:17-cv-02694**
                                              :
        **v.**                                :
                                              :
**EVANSTON INSURANCE COMPANY,**               :
                                              :
            **Defendant.**                    :
_____:

**MEMORANDUM OF LAW OF DEFENDANT EVANSTON INSURANCE COMPANY**
**IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

Stewart Bernstiel Rebar & Smith
By: Cynthia L. Bernstiel, Esquire
Identification No. 75518
470 Norristown Road, Suite 201
Blue Bell, PA 19422
484-344-5340 | 484-344-5341 (fax)
cbernstiel@sbrslaw.com
Counsel for Defendant
Evanston Insurance Company

# **CONTENTS**

I.     INTRODUCTION ........................................................................................................ 1

II.    RELEVANT FACTUAL BACKGROUND ................................................................. 1

       A.     The Policy ................................................................................................. 1

       B.     The Loss ................................................................................................... 2

III.   LEGAL ARGUMENT ............................................................................................... 3

       A.     Legal Standard .......................................................................................... 3

       B.     Plaintiff's Loss is Excluded Under the Policy ........................................... 4

IV.    CONCLUSION ......................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Advanced Sleep Center, Inc. v. Certain Underwriters at Lloyd's*, 213 So.3d 1220 (La. App. 5 Cir. 2017) ................................................................................................................................ 4

*Cent. Theaters, Inc. v. Travelers Prop. Cas. Co. of Am.*, C-05-3146 JCS, 2006 WL 708667 (N.D. Cal. Mar. 20, 2006) .................................................................................................................. 5

*Divine Motel Group, LLC v. Rockhill Ins. Co.*, No. 3:14-cv-31-J-34, 2015 WL 4095449 (M.D. Fla. Jul. 7, 2015), *aff'd*, 655 Fed. Appx. 779 (11th Cir. 2016) .......................................... 4

*Dunn v. Scottsdale Ins. Co.*, CIV.A. 3:11-0976, 2013 WL 3947103 (M.D. Pa. Aug. 1, 2013) .... 4

*Flight Sys., Inc. v. Elec. Data Sys. Corp.*, 112 F.3d 124 (3d Cir. 1997) ........................................ 3

*Fourth St. Place v. Travelers Indem. Co.*, 270 P.3d 1235, 1241 (Nev. 2011) .............................. 5

*Legacy Condos., Inc. v. Landmark American Ins. Co.*, Civ. Act. No. 1:06-cv-1108, 2008 WL 80373 (S.D. Miss. Jan. 4, 2008) .................................................................................... 5

*Pennsylvania Gen. Energy Co., LLC v. Grant Twp.*, 139 F. Supp.3d 706 (W.D. Pa. 2015) ......... 4

*Rosenau v. Unifund Corp.*, 539 F.3d 218 (3d Cir. 2008) .............................................................. 4

*Turbe v. Gov't of Virgin Islands*, 938 F.2d 427 (3d Cir. 1991) ..................................................... 4

*Zaragon Holdings, Inc. v. Indian Harbor Ins. Co.*, 08-CV-111, 2010 WL 3036762 (N.D. Ill. Aug. 2, 2010) ..................................................................................................................... 5

**Rules**

Federal Rule of Civil Procedure 12(c) .......................................................................................... 3

I.      **INTRODUCTION**

Defendant Evanston Insurance Company ("Evanston"), by and through its attorneys Stewart Bernstiel Rebar & Smith, respectfully submits this Memorandum of Law in Support of its Motion for Judgment on the Pleadings. Evanston issued an insurance policy (the "Policy") to Plaintiff Thomas Sherwood ("Plaintiff") for real property located at 2533-35 Salmon Street, Philadelphia, Pennsylvania (the "Property"). On May 30, 2016, rain damaged the Property's interior. Plaintiff submitted a claim to Evanston to recover insurance benefits for the loss. In order for the loss to be covered under the Policy, the rain would have had to have entered the Property through damage to the roof or walls that was caused by a covered cause of loss. Here, however, the rain did not enter the Property through damage to the roof or walls that was caused by a covered cause of loss. Rather, the rain entered the Property through an undamaged vent on the roof. Thus, the Policy does not cover the loss. Because the parties do not dispute any facts that are relevant to the determination of coverage under the Policy, Evanston respectfully submits that it is appropriate to enter judgment on the pleadings in favor of Evanston.

II.     **RELEVANT FACTUAL BACKGROUND**

   A.      **The Policy**

The Policy, which was attached as an exhibit to Evanston's Answer, provides certain coverages subject to the terms, conditions, exclusions, and limitations set forth therein. *See* Certification of Cynthia L. Bernstiel, Esq. ("Bernstiel Cert."), Ex. 2 at ¶¶20, 22. The Policy contains the following provisions that are relevant to the adjudication of this motion:

   **A. Covered Causes of Loss**
   When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy.

                                    ***

   **C. Limitations**

1

The following limitations apply to all policy forms and endorsements, unless otherwise stated:

> **1.** We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.
>
> ***
>
> **c.** The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:
> **(1)** The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters ….

*See id*., Ex. 2.

**B.**   **The Loss**

Plaintiff has pleaded that on May 30, 2016, "there was a storm with heavy rain and wind." *Id.*, Ex. 1 at ¶12. Plaintiff further alleged that at some point prior to the storm, someone "placed a large bucket of roofing cement over one of the drains located on the Property's roof, resulting in damage." *Id.* at ¶13. Plaintiff admits that the water that collected on the Property's roof "eventually entered the interior of the Property, further causing significant damage." *Id*, Ex. 1 at ¶15. The "significant damage" to the interior is that for which Plaintiff seeks to recover insurance benefits under the Policy. *See id.*, Ex. 1 at ¶15.

Although not referenced within the four corners of Plaintiff's complaint, Plaintiff retained an engineer, who authored a report dated June 29, 2016. *See id*., Ex. 2 at ¶21. Evanston attached the report as an exhibit to its Answer. In that report, Plaintiff's engineer opined as follows:

> [W]hen one or both of the drains became plugged, there was a likelihood of flooding across the roof to approximately 9 to 10 inches above the drain level. It is also my opinion that during the roof flooding incident, flood water drained into the plumbing vents which resulted in overflowing of the plumbing fixtures within the building.
>
> ***

2

My inspection revealed a metal air exhaust duct for the bathrooms located in the roof flood area. Close inspection of the air duct revealed openings several inches above the roof level where air was leaking out of the duct. Therefore during the flood event, water would have entered the exhaust duct and traveled to each of the bathrooms below.

\*\*\*

However, the roof[-]mounted plumbing vents and exhaust ducts are intended to only shed water and are not water tight … Since the roof mounted plumbing vents and exhaust ducts are not water tight, water then infiltrated and entered the building.

\*\*\*

It is my also opinion that this was a one-time flooding event, which resulted in the water infiltration through the roof mounting plumbing vents and exhaust ducts. The facts indicate that although no repairs were made to the roof membrane system, after the 5 gallon pail was removed and the drain was cleared, no further water infiltrations have occurred since the date of the incident.

\*\*\*

*See id.*, Ex. 2 at ¶21. Notably, the allegations that Plaintiff pleaded in its complaint are not in dispute with the conclusion that its engineer reached: the water that caused the damage to the Property for which Plaintiff seeks to recover insurance benefits entered the Property not through damage to the roof or walls, but rather, through an undamaged, properly functioning vent. *See id.*, Ex. 1 at ¶15; *see also id.*, Ex. 2 at ¶21.

III.     **LEGAL ARGUMENT**

A.     **Legal Standard**

A party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. *See* Fed. R. Civ. P. 12(c). If a defense presents a barrier to recovery by the plaintiff, a motion for judgment on the pleadings may be based on that defense. *See Flight Sys., Inc. v. Elec. Data Sys. Corp.*, 112 F.3d 124, 127 (3d Cir. 1997). A motion for judgment on the pleadings is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6).

3

*See Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). Judgment will not be granted "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008). Courts "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Ibid*. The court must consider the plaintiff's compliant, the defendant's answer, and written exhibits attached to the pleadings. *See Pennsylvania Gen. Energy Co., LLC v. Grant Twp.*, 139 F. Supp.3d 706, 711 (W.D. Pa. 2015).

### B.   Plaintiff's Loss is Excluded Under the Policy

In *Dunn v. Scottsdale Ins. Co.*, CIV.A. 3:11-0976, 2013 WL 3947103 (M.D. Pa. Aug. 1, 2013), the insurer denied a claim for interior property damage because an opening around the seams of a poorly-installed roof allowed rain to penetrate the interior. *See id*. at *2. Like the Policy in the instant matter, the policy in *Dunn* contained a limitation for damage to the interior of any building or structure caused by or resulting from rain unless the building or structure first sustained damage by a covered cause of loss to its roof or walls through which the rain enters. *See ibid*. The District Court opined that "such coverage would be invoked when the structure experienced some type of physical damage which is cover[ed] by the Policy and, subsequently, precipitation was able to enter the interior of the structure and cause additional damage." *Id*. at *6. *See also Divine Motel Group, LLC v. Rockhill Ins. Co.*, No. 3:14-cv-31-J-34, 2015 WL 4095449, at *7 (M.D. Fla. Jul. 7, 2015) (insured's argument was "without merit" where insured "ignore[d] the portion of exception that requires rain to reach interior through damage caused by a Covered Cause of Loss ...."), *aff'd*, 655 Fed. Appx. 779 (11th Cir. 2016); *Advanced Sleep Center, Inc. v. Certain Underwriters at Lloyd's*, 213 So.3d 1220, 1228 (La. App. 5 Cir. 2017) (insured "failed to prove that the insured property sustained an opening in the roof which

4

allowed water to enter the building causing interior damage ….”); *Legacy Condos., Inc. v. Landmark American Ins. Co.*, Civ. Act. No. 1:06-cv-1108, 2008 WL 80373, at *3 (S.D. Miss. Jan. 4, 2008) (“although water entry is generally excluded, proof that water entered through a breach caused by wind would make those specific losses compensable.”). *Fourth St. Place v. Travelers Indem. Co.*, 270 P.3d 1235, 1241 (Nev. 2011) (“Even if [the Nevada Supreme Court] were to conclude that the tarps comprised a roof, the roof did not sustain wind damage *before* the interior rain damage occurred.”), *as modified on reh’g* (May 23, 2012); *Cent. Theaters, Inc. v. Travelers Prop. Cas. Co. of Am.*, C-05-3146 JCS, 2006 WL 708667, at *3 (N.D. Cal. Mar. 20, 2006) (“In this case there was no damage to the roof or walls. Therefore, there is no coverage for the interior water damage.”); *Zaragon Holdings, Inc. v. Indian Harbor Ins. Co.*, 08-CV-111, 2010 WL 3036762, at *5 (N.D. Ill. Aug. 2, 2010) (policy excluded coverage for interior damage where insured unable to show water entry from overflowing drains resulted from damage to the building).

Similar to the limitation contained in the insurance policies in the foregoing cases, in order for damage to the interior of Plaintiff’s Property to be covered, the rain must have entered the Property through a portion of the roof or walls that first was damaged by a Covered Cause of Loss. *See* Bernstiel Cert., Ex. 2. Here, however, Plaintiff does not dispute the fact reflected in its engineer’s report that the rain that damaged the interior of Plaintiff’s Property did not enter the Property through a portion of the roof or walls that was damaged by a Covered Cause of Loss. Indeed, the rain did not enter the Property through any damage at all. Rather, Plaintiff admits that rain came through an undamaged open vent that was functioning properly. *See ibid.* Accordingly, Evanston respectfully submits that this Court should enter judgment on the pleadings in favor of Evanston.

**IV.**      **CONCLUSION**

For the reasons set forth herein, Evanston Insurance Company respectfully requests this

Court grant its motion for judgment on the pleadings.

**Respectfully submitted,**

**STEWART BERNSTIEL REBAR & SMITH**

**BY:**      **/s/ Cynthia L. Bernstiel, Esquire**
             **Cynthia L. Bernstiel, Esquire**
             470 Norristown Road, Suite 201
             Blue Bell, PA 19422
             Identification No. 75518
             (484) 344-5340
             (484) 344-5341 (fax)
             cbernstiel@sbrslaw.com

Dated: August 23, 2017      *Attorneys for Defendant*
                            *Evanston Insurance Company*

6