UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS W. SHERWOOD<br><br>Plaintiff,<br><br>v.<br><br>EVANSTON INSURANCE COMPANY<br><br>Defendant. | Civil Action<br><br>No. 17-cv-02694-TON |

## ORDER

AND NOW, this _____ day of _____, 2017, upon consideration of Defendant, Evanston Insurance Company's Motion for Judgment on the Pleadings, Plaintiff, Thomas W. Sherwood's Response in Opposition, and any reply thereto, it is hereby ORDERED and DECREED that Defendant's Motion for Judgment on the Pleadings is DENIED.

BY THE COURT:

_____
THOMAS N. O'NEILL, JR., J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS W. SHERWOOD<br><br>                    Plaintiff,<br><br>v.<br><br>EVANSTON INSURANCE COMPANY<br><br>                    Defendant. | Civil Action<br><br>No. 17-cv-02694-TON |

**PLAINTIFF, THOMAS W. SHERWOOD'S RESPONSE IN OPPOSITION TO DEFENDANT, EVANSTON INSURANCE COMPANY'S <u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

Plaintiff, Thomas W. Sherwood, by and through his attorneys, Richard M. Ochroch & Associates, P.C., hereby submits this Response in Opposition to Defendant, Evanston Insurance Company's Motion for Judgment on the Pleadings, and incorporates his attached Memorandum of Law, as though set forth at length herein.

WHEREFORE, Plaintiff, Thomas W. Sherwood respectfully requests that this Honorable Court deny Defendant, Evanston Insurance Company's Motion for Judgment on the Pleadings.

Respectfully submitted,

**RICHARD M. OCHROCH & ASSOCIATES, P.C.**

By: _____
**Richard M. Ochroch, Esquire**
**Brett N. Benton, Esquire**
**Andrew R. Ochroch, Esquire**
I.D. Nos. 21432 / 93267 / 315797
318 S. 16th Street
Philadelphia, PA 19102
Phone: (215) 735-2707
Facsimile: (215) 790-0491
*bbenton@ochroch-law.com*

Attorneys for Plaintiff
Thomas W. Sherwood

Dated: 9/5/17

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS W. SHERWOOD<br><br>          Plaintiff,<br><br>v.<br><br>EVANSTON INSURANCE COMPANY<br><br>          Defendant. | Civil Action<br><br>No. 17-cv-02694-TON |

**PLAINTIFF, THOMAS W. SHERWOOD'S MEMORANDUM OF LAW IN SUPPORT OF HIS RESPONSE IN OPPOSITION TO DEFENDANT, EVANSTON INSURANCE COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS**

## **TABLE OF CONTENTS**

TALE OF AUTHORITIES ................................................................................................ ii

I.     BRIEF INTRODUCTION ............................................................................................1

II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY ..........................1

       A.     The Policy ................................................................................................1

       B.     The Loss ...................................................................................................3

       C.     The Claim ................................................................................................3

III.   ARGUMENT ..............................................................................................................4

       A.     Legal Standard ........................................................................................4

       B.     The Pleadings Establish the Loss Mr. Sherwood Suffered is Covered by the Policy ..........................................................................................5

       C.     Alternatively, the Interior Water Limitation is Ambiguous, Precluding Entry of Judgment in Favor of Evanston .................................................8

       D.     The Efficient Proximate Cause Rule Precludes Evanston's Attempts to Deny Coverage for the Loss and Precludes Entry of Judgment on the Pleadings ..........10

       E.     Evanston's Answer Raises Issues of Material Fact ...............................11

IV.   CONCLUSION ........................................................................................................12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Coregis Ins. Co. v. Larocca,*
  80 F. Supp. 2d 452 (E.D. Pa. 1999) .......................................................................... 9

*D'Agostino v. State Farm Fire and Cas. Co.,*
  1994 WL 161249 (E.D. Pa. Apr. 21, 1994) ................................................................ 9

*DiFabio v. Centaur Ins. Co.,*
  531 A.2d 1141 (Pa. Super. 1987) ............................................................................. 9

*Dunn v. Scottsdale Ins. Co.,*
  2013 WL 3947103 (M.D. Pa. Aug. 1, 2013) ........................................................ 7, 8

*Harford Mut. Ins. Co. v. Moorhead,*
  578 A.2d 492 (Pa. Super. 1990) ............................................................................... 9

*Hoover v. Monarch Recovery Mgmt.,*
  888 F. Supp. 2d 589 (E.D. Pa. 2012) ................................................................... 4, 5

*Hutchison v. Sunbeam Coal Co.,*
  519 A.2d 385 (Pa. 1986) .......................................................................................... 9

*Koppers Co., Inc. v. Aetna Cas. and Surety Co.,*
  98 F.3d 1440 (3d Cir. 1996) ..................................................................................... 5

*Madison Constr. Co. v. Harleysville Mut. Ins. Co.,*
  735 A.2d 100 (Pa. 1999) .......................................................................................... 9

*Murray v. State Farm Fire & Casualty Co.,*
  203 W.Va. 477, 509 S.E. 2d 1 (1998) ..................................................................... 10

*Nationwide Mut. Ins. Co. v. Cosenza,*
  258 F.3d 197 (3d Cir. 2001) ..................................................................................... 5

*Rusiski v. Pribonic,*
  515 A.2d 507 (Pa. 1986) .......................................................................................... 9

*Sikirica v. Nationwide Ins. Co.,*
  416 F.3d 214 (3d Cir. 2005) ................................................................................. 4, 5

*Smith v. Westfield Ins. Co.,*
  2007 WL 1740816 (E.D. Pa. June 15, 2007) .......................................................... 10

*Society Hill Civic Ass'n v. Harris*,
  632 F.2d 1045 (3d Cir. 1980) ..................................................................................4, 5

*Somerset Indus., Inc. v. Lexington Ins. Co.*,
  639 F. Supp. 2d 532 (E.D. Pa. 2009) ..........................................................................7

*Standard Venetian Blind Co. v. American Empire Ins.*,
  469 A.2d 563 (Pa. 1983) .............................................................................................9

*Stufflebean v. Fireman's Fund Ins. Co.*,
  710 S.W.2d 931 (W.D. Mo. 1986) ............................................................................10

*T.H.E. Ins. Co. v. Charles Boyer Children's Trust*,
  269 F. App'x 220 (3d Cir. 2008) ..........................................................................5, 10

*Tran v. Seneca Ins. Co., Inc.*,
  2015 WL 5964996 (E.D. Pa. Oct. 14, 2015) ..............................................................5

**Rules**

Fed. R. Civ. P. 12(c) .............................................................................................................4, 5

Plaintiff, Thomas W. Sherwood ("Plaintiff" or "Mr. Sherwood"), by and through his attorneys, Richard M. Ochroch & Associates, P.C., hereby submits this Memorandum of Law in Support of his Response in Opposition to Defendant, Evanston Insurance Company's ("Defendant" or "Evanston") Motion for Judgment on the Pleadings.

## I. BRIEF INTRODUCTION

Mr. Sherwood's claim for breach of contract arises out of Evanston's failure to pay for damage to his property located at 2533-35 Salmon Street, Philadelphia, PA 19125 (the "Property"). (Compl. ¶¶ 5, 14.)

As a result damage to the roof caused by a third party placing a large bucket of roofing cement over one of the drains, water collected on the Property's roof during a storm, and eventually entered the interior of the Property, further causing significant damage. (*Id.* ¶¶ 15, 21.) Neither the cause of loss nor the resulting damage are excluded by the all-risk insurance policy Evanston issued Mr. Sherwood, which explicitly states negligent acts of third parties do not affect coverage (the "Policy"). (*Id.* ¶¶ 11-12, 17.) However, Evanston wrongfully denied Mr. Sherwood's claim by relying on terms and language wholly absent from the Policy. (*Id.* ¶ 18.)

As set forth below, when the facts and inferences drawn from the pleadings and exhibits are interpreted the light most favorable to Mr. Sherwood, Evanston has failed to clearly establish its entitlement to judgment as a matter of law.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. The Policy

The Policy is an "all-risk" insurance policy inasmuch as it provides property coverage for all risks, unless the cause of loss is excluded or limited:

1

> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

(*Id.* ¶ 11, Ex. "A" at CP00101012 p. 1 of 16.)

> When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss **unless the loss is excluded or limited in this policy**.

(*Id.* ¶ 11, Ex. "A" at CP10301012 p. 1 of 10 (emphasis supplied).) As set forth in the Policy, the acts or negligence of third parties beyond the control of Mr. Sherwood do not affect insurance under the Policy:

> Any act or neglect of any person other than you beyond your direction or control **will not** affect tis [*sic*] insurance.

(*Id.* ¶ 12, Ex. "A" at MECP12150914 p. 2 of 6 (emphasis supplied).)

The Policy limits coverage for interior water damage under the circumstances identified therein:

> The following limitations apply to all policy forms and endorsements, unless otherwise stated:
>
> 1. We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.
> . . .
> c. **The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain**, snow, sleet, ice, sand or dust, whether driven by wind or not, **unless**:
>
> (1) The building or structure **first sustains damage by a Covered Cause of Loss to its roof** or walls through which the rain, snow, sleet, ice, sand or dust enters[.]

(*Id.* Ex. "A" at CP10301012 p. 6 of 10 (emphasis original and supplied)) (hereinafter the "Interior Water Limitation").) Nowhere in the Interior Water Limitation, nor anywhere in the Policy, is it

2

required that the rain enter the Property through an *opening* caused by the rain or otherwise specify that the rain must enter through a certain *portion* of the roof. (*Id.*)

**B.     The Loss**

On May 30, 2016, there was a storm with heavy rain and wind. (*Id.* ¶ 13.) At some time prior to the storm, an individual or individuals beyond Mr. Sherwood's direction and control, placed a large bucket of roofing cement over one of the drains located on the Property's roof, resulting in damage. (*Id.* ¶ 14.)

As a result of the damage to the roof caused by the bucket of roofing cement, water collected on the roof during the storm, and eventually entered the interior of the Property, further causing significant damage. (*Id.* ¶¶ 15, 21.)

**C.     The Claim**

Despite neither the cause of loss, nor the resulting damage, being excluded under the terms of the Policy, on September 26, 2016, Evanston wrongfully denied Mr. Sherwood's claim. (*Id.* ¶¶ 16, 18.) Evanston advised that coverage was not provided under the Interior Water Limitation because the rain that caused damage to the Property did not enter the Property through "**openings**" in the Property's roof caused by the rain:

> As you are aware, we retained an independent adjusting firm, Risk Assistance, Inc. to inspect the damaged property on our behalf. Their adjuster, Jim Gordon, inspected the building and he has provided his findings to us. Additionally, we have reviewed the report of Charles J. Penza, the engineer you retained to inspect the building.
> . . .
> Our investigation has determined that claimed damages were caused by a back-up of water from blocked roof drains. The inspections revealed no roof **openings** which had been caused by a Covered Cause of Loss. Instead, rainwater entered the building through plumbing vents and mechanical ducts. While we have determined that the 5 gallon bucket most likely came from contractors who were

3

> repairing the roof of the adjoining building, our investigation revealed no evidence that this was an intentional act of vandalism.
>
> . . . Finally, since the rainwater did not enter the building through **openings** created by a Covered Cause of Loss, the resulting interior water damage is not covered. As such, we must disclaim coverage to [Mr. Sherwood] for this loss and no payment will be made under the policy for this loss.

(Ans. ¶ 18 Ex. "B" at pp. 1, 3-4 (emphasis supplied).)

On May 17, 2017, Mr. Sherwood commenced this action in the Philadelphia County Court of Common Pleas and on June 14, 2017, Evanston removed the matter to this Court. (Notice of Removal (June 14, 2017).) [ECF 1] On August 23, 2017, Evanston filed its Answer with Affirmative Defenses to Plaintiff's Complaint. (Ans. (Aug. 23, 2017).) [ECF 5] On that same date, Evanston filed the instant Motion for Judgment on the Pleadings. (Def.'s Mot. for Judgment on the Pleadings (Aug. 23, 2017).) [ECF 6]

For the reasons set forth below, Evanston's Motion for Judgment on the Pleadings should be denied.

## III. ARGUMENT

### A. Legal Standard

"A party may move for judgment on the pleadings '[a]fter the pleadings are closed-but early enough not to delay trial.'" *Hoover v. Monarch Recovery Mgmt.*, 888 F. Supp. 2d 589, 593 (E.D. Pa. 2012) (quoting Fed. R. Civ. P. 12(c)). In considering a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c), all inferences from facts presented in the pleadings and exhibits thereto, are drawn in favor of the non-moving party: "**We must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party**." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005) (citing *Society Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980)) (emphasis

4

supplied). *See also Hoover*, 888 F. Supp. 2d at 593 (footnotes omitted) ("Ordinarily, in deciding a motion for judgment on the pleadings, the court considers the pleadings and attached exhibits, undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiff's claims are based on the documents, and matters of public record." (footnotes omitted).)

It is the movant's burden to **clearly** establish there are no material issues of fact: "Judgment will not be granted unless the movant **clearly establishes** there are no material issues of fact, and he is entitled to judgment as a matter of law." *Sikirica*, 416 F.3d at 220 (citing *Society Hill Civic Ass'n*, 632 F.2d at 1054) (emphasis supplied).

### B. The Pleadings Establish the Loss Mr. Sherwood Suffered is Covered by the Policy

Based upon the pleadings, exhibits, and all reasonable inferences drawn therefrom, Evanston's argument that Mr. Sherwood's loss is not covered under the Policy must fail.

The Policy is an all-risk policy. (Compl. ¶ 11, Ex. "A" at CP00101012 p. 1 of 16; *id.* at CP 10301012 p. 1 of 10.) As such, Evanston may only deny coverage if the Policy "contains a specific provision expressly excluding the loss from coverage." *T.H.E. Ins. Co. v. Charles Boyer Children's Trust*, 269 F. App'x 220, 222 (3d Cir. 2008) (citations omitted).

If an insurer wishes to deny coverage under an exclusion, "[t]he insurer 'bears the burden of establishing the applicability of an exclusion in an insurance contract,' and exclusions 'are **always strictly construed against the insurer** and in favor of the insured.'" *Tran v. Seneca Ins. Co., Inc.*, 2015 WL 5964996, at *4 (E.D. Pa. Oct. 14, 2015) (emphasis supplied) (quoting *Nationwide Mut. Ins. Co. v. Cosenza*, 258 F.3d 197, 206-207 (3d Cir. 2001)). This standard similarly applies to limitations in an insurance policy. *See Koppers Co., Inc. v. Aetna Cas. and Surety Co.*, 98 F.3d 1440, 1446 (3d Cir. 1996) ("the insurer bears the burden of proving the

5

applicability of any exclusions or limitations on coverage, since disclaiming coverage on the basis of an exclusion is an affirmative defense." (citations omitted)).

The Policy provides coverage for "direct physical loss of or damage to [the Property] **caused by or resulting from** any Covered Cause of Loss." (Compl. ¶ 11, Ex. "A" at CP00101012 p. 1 of 16 (emphasis supplied).) The Policy explicitly represents that acts of a third party beyond Plaintiff's control does not affect the coverage afforded under the Policy. (*Id.* ¶ 12, Ex. "A" at MECP12150914 p. 2 of 6.)

As set forth in Mr. Sherwood's Complaint, a third party, beyond his direction or control, damaged the Property's roof by placing a bucket of roof cement over one of the drains. (*Id.* ¶ 14.) The placement of this bucket over the Property's roof drain unquestionably caused damage to the roof. (*Id.* ¶¶ 14-15, 21.) No exclusions or limitations apply to the damage caused to the roof by this third party placing a bucket of cement over the Property's roof drain. Mr. Sherwood specifically alleged that after the Property's roof was damaged, and then suffered further damage to the interior of the building was caused by rain entering through the roof. (*Id.* ¶¶ 14-15, 21.) Accordingly, the Interior Water Limit fails to support Evanston's denial of coverage.

However, on September 26, 2016, Evanston wrongfully denied Mr. Sherwood's claim based on the Interior Water Limitation, *supra*. (*Id.* ¶ 18; Ans. ¶ 18, Ex. "B.") Evanston advised that coverage was not provided under the Interior Water Limitation because the rain that caused damage to the Property did not enter the Property through "**openings**" in the Property's roof caused by rain. (Ans. Ex. "B" at pp. 3-4 (emphasis supplied). *See also* Compl. ¶¶16, 18.) Evanston *now* contends that "in order for damage to the interior of [Mr. Sherwood's] Property to be covered, the rain must have entered the Property through a **portion** of the roof or walls that was first damaged

6

by a Covered Cause of Loss." (Def.'s Mot. for Judgment on the Pleadings at 5 (emphasis supplied).) Evanston is incorrect.

Evanston's interpretation of the Interior Water Limitation is dependent upon the insertion of additional terms not found in the Policy. The Interior Water Limitation does not require that the rain enter through an **opening** in the roof caused by rain, as the word "opening" is not found anywhere in the limitation. Similarly, there is no language in the Interior Water Limitation specifying that the water must enter through a certain **portion** of the roof.

The Interior Water Limitation only requires that the rain enter through a roof that has been damaged by a covered cause of loss; there is no requirement that the rain enter through an *opening* the rain created or any specific *portion* of the roof. See e.g., *Somerset Indus., Inc. v. Lexington Ins. Co.*, 639 F. Supp. 2d 532, 541 (E.D. Pa. 2009). As the Court stated in *Dunn v. Scottsdale Ins. Co.*, when it denied an insurer's motion for summary judgment and refused to apply an identical limitation, "such coverage would be invoked when the structure experienced some type of physical damage which is cover[ed] by the Policy and, subsequently, precipitation was able to enter the interior of the structure and cause additional damage." *Dunn v. Scottsdale Ins. Co.,* 2013 WL 3947103, at *6 (M.D. Pa. Aug. 1, 2013).[1] In *Dunn*, the Court denied the insurer's motion for summary judgment on the plaintiff's breach of contract claim. *Id.* at *7. In so ruling, the Court found a question of fact concerning whether or not a covered cause of loss occurred which resulted in water entering the interior of the insured premises:

> The plaintiffs' allege that the interior of the building was damaged because storm conditions, which they argue are covered by the policy, damaged the roof [and] allowed water to enter the structure. The defendant argues that rain water entered through the unsound roof which is not covered by the Policy. . . .

---

[1] Evanston, in fact, agrees with the interpretation of the Interior Water Limitation set forth in *Dunn*. (Def.'s Mot. for Judgment on the Pleadings at 4, 5.)

7

> The court has found that a determination of the cause of the water's entry is vital to the larger question of whether the Policy afforded coverage for such damage. The scope of the Policy, in turn, will determine if the defendant's denial of the claim constituted a breach of contract or resulted [in] unjust enrichment. Therefore, the court will deny the motion for summary judgment with respect to the breach of contract and unjust enrichment claims.

*Id.* at *6-7.

Here, Mr. Sherwood has alleged: (1) the roof was unquestionably damaged by a covered cause of loss; (2) rain water entered through the roof; and (3) the rain water caused additional damage to the interior of the Property. (Compl. ¶¶ 11-15, 21.) This is sufficient to establish coverage under the Policy. Evanston's focus on water entering the interior of the building by way of vents located in the roof is of no consequence. There is no dispute that such vents are located **in the roof**, and thus the water that damaged the interior of the Property still **passed *through* the roof**.

As such, when all inferences from the pleadings and exhibits thereto are drawn in the light most favorable to Mr. Sherwood, the Interior Water Limitation does not apply to Mr. Sherwood's claim. Evanston has not clearly established there are no material of issues of fact in dispute and, therefore, its Motion for Judgment on the Pleadings should be denied.

### C. Alternatively, the Interior Water Limitation is Ambiguous Precluding Entry of Judgment in Favor of Evanston

Evanston's proffered interpretation of the Interior Water Limitation requires reading the term "opening" or "portion" into the Policy, despite the clear absence of those terms in the Policy. More precise language could have been utilized by Evanston to put this issue beyond question, and such language has been utilized by other carriers in other policies. Yet, Evanston failed to include the precise language in the Interior Water Limitation which supports the interpretation it now seeks to impose upon Mr. Sherwood. Even assuming Evanston's interpretation is reasonable,

8

so too is Mr. Sherwood's, rendering the Interior Water Limitation ambiguous. As a result, the Interior Water Damage Limitation must be construed against the insurer, Evanston, and in favor of the insured, Mr. Sherwood.

"Contract language is ambiguous 'if it is reasonably susceptible of different constructions and capable of being understood in more than one sense.'" *Madison Constr. Co. v. Harleysville Mut. Ins. Co.*, 735 A.2d 100, 108 (Pa. 1999) (quoting *Hutchison v. Sunbeam Coal Co.*, 519 A.2d 385, 390 (Pa. 1986)). Further, if additional or more precise language could have put the meaning of the contested policy provision beyond dispute, the finding of an ambiguity may be further supported. *Coregis Ins. Co. v. Larocca*, 80 F. Supp. 2d 452, 455 (E.D. Pa. 1999). "This is not a question to be resolved in a vacuum. Rather, contractual terms are ambiguous if they are subject to more than one reasonable interpretation when applied to a particular set of facts." *Madison Const. Co.*, 735 A.2d at 106 (citations omitted). Ambiguous policy provisions are to be interpreted against the insurer, and in favor of the insured. *Harford Mut. Ins. Co. v. Moorhead*, 578 A.2d 492, 495 (Pa. Super. 1990) (citing *Standard Venetian Blind Co. v. American Empire Ins.*, 469 A.2d 563, 567 (Pa. 1983); *DiFabio v. Centaur Ins. Co.*, 531 A.2d 1141, 1142 (Pa. Super. 1987); *Rusiski v. Pribonic*, 515 A.2d 507 (Pa. 1986)).

Mr. Sherwood's interpretation of the Interior Water Limitation is reasonable and consistent with the interpretations in both *Somerset Industries* and *Dunn*, *supra*, neither of which require the rain enter the Property through an "opening" caused by the rain, nor through a specific "portion" of the roof, as Evanston contends. Had Evanston intended to limit coverage provided by the Policy in this manner, it certainly could have done so. In fact, the term "opening" has been included in policies issued by other carriers. *See D'Agostino v. State Farm Fire and Cas. Co.*, 1994 WL 161249, at *4 (E.D. Pa. Apr. 21, 1994) ("However, '[t]his limitation does not apply when the direct

9

force of wind or hail damages the building causing an **opening** in a roof or wall and the rain . . . enters through this **opening**.'" (emphasis supplied)); *Smith v. Westfield Ins. Co.*, 2007 WL 1740816, at *3 (E.D. Pa. June 15, 2007) ("However, the peril of 'windstorm or hail' 'does not include loss to the property contained in a building caused by rain, snow, sleet, sand or dust unless the direct force of wind or hail damages the building causing an **opening** in a roof or wall and the rain, snow, sleet, sand or dust enters through this **opening**.'" (emphasis supplied); *Stufflebean v. Fireman's Fund Ins. Co.*, 710 S.W.2d 931, 932 (W.D. Mo. 1986) ("loss to the interior of a building or the property contained in a building caused by rain . . . unless: the direct force of wind or hail damages the building causing an **opening** in a roof or wall; and rain . . . enters through this **opening**. . . ." (emphasis supplied)).

Because Mr. Sherwood has, at the very least, presented a reasonable interpretation of the Interior Water Limitation as applied to the facts of this loss, the Policy must be interpreted in his favor and against Evanston. As such, Evanston's Motion for Judgment on the Pleadings must be denied.

  **D.**   **The Efficient Proximate Cause Rule Precludes Evanston's Attempts to Deny Coverage for the Loss and Precludes Entry of Judgment on the Pleadings**

The efficient proximate cause rule states that "'when the loss is caused by a combination of a covered and specifically excluded risk, the loss is covered if the covered risk was the efficient proximate cause of the loss.'" *T.H.E. Ins. Co.*, 455 F.Supp.2d at 292 (quoting *Murray v. State Farm Fire & Casualty Co.*, 203 W.Va. 477, 509 S.E. 2d 1, 12 (1998)). While the efficient proximate cause rule may be negated by contrary policy language, the lead-in paragraph to the Interior Water Limitation fails to accomplish this. Notably absent from the Interior Water Limitation is the language found earlier in the lead-in paragraph of a different section in the Policy. This earlier language, found in the lead-in paragraph to Section B.1, includes the following

10

language pertaining to the Policy's exclusions (rather than limitations): "regardless of any other cause or event that contributes concurrently or in any sequence to the loss." (Compl. Ex. "A" CP10301012 p. 1 of 10.) The lead-in paragraph to the Interior Water Limitation, by comparison, fails to include this language. (*Compare* Compl., Ex. "A," CP10301012 at p. 1 of 10 Paragraph B.1 *with id.* at p. 6 of 10 Paragraph C.1.) As such, the Interior Water Limitation may not be relied upon when, as here, an otherwise covered cause of loss is the efficient proximate cause of the damage claimed. At the very least, a question of fact exists concerning whether the damage to the Property's roof constitutes the efficient proximate cause of the loss, thereby precluding entry of judgment on the pleadings.

  E. <u>Evanston's Answer Raises Issues of Material Fact</u>

  Evanston attempts to establish that are no questions of fact by attaching to its Answer select records from its claim file, specifically, the September 26, 2016 denial letter and a report from Charles J. Penza ("<u>Mr. Penza</u>"). (Ans. Exs. "B," "C.") These records establish the opposite.

  The September 26, 2016 denial letter identifies Jim Gordon ("<u>Mr. Gordon</u>"), an independent adjuster, from Risk Assistance, Inc., who Evanston retained; and Mr. Penza, an engineer retained by Mr. Sherwood. (*See id.* ¶ 18, Ex. "B" at p. 1.) Evanston attached a report from Mr. Penza to its Answer (*id.* Ex. "C"), but failed to provide the "findings" or report from Mr. Gordon, nor any other findings from its investigation. (*See id.* Ex. "B" at p. 1 ("[Mr. Gordon], inspected the building and he has provided his findings to us.").) Evanston asks the Court to find it clearly established that there are no material issues of fact based on an incomplete record and a curated snapshot of the claim.

11

Evanston then argues that Mr. Penza's report supports its denial of coverage.[2] Evanston is incorrect. On one hand, Evanston denies that it rained on the date in question and denies Mr. Sherwood's allegations as to the cause of the loss. (Compl. ¶¶ 18, 21; Ans. ¶¶ 18, 21.) Simultaneously, however, Evanston contends there is no question of fact as to the cause of the loss based on the contents of Mr. Penza's report which contradict its own Answer. (Ans. Ex. "C" at p. 1.) Evanston has failed to clearly establish there are no material issues of fact in dispute and its Motion for Judgment on the Pleadings should be denied.

### IV. <u>CONCLUSION</u>

For the reasons set forth above, Mr. Sherwood respectfully requests this Honorable Court to deny Evanston's Motion for Judgment on the Pleadings and enter the attached proposed Order.

Respectfully submitted,

**RICHARD M. OCHROCH & ASSOCIATES, P.C.**

By: _____
**Richard M. Ochroch, Esquire**
**Brett N. Benton, Esquire**
**Andrew R. Ochroch, Esquire**
I.D. Nos. 21432 / 93267 / 315797
318 S. 16th Street
Philadelphia, PA 19102
Phone: (215) 735-2707
Facsimile: (215) 790-0491
*bbenton@ochroch-law.com*

Attorneys for Plaintiff
Thomas W. Sherwood

Dated: 9/5/17

---

[2] Mr. Penza's report supports the finding of coverage, as it corroborates that the roof was damaged by a third party beyond the control of Mr. Sherwood, that it rained on May 30, 2016, and that the rain water entered through the roof and damaged the interior of the Property.

12

## CERTIFICATE OF SERVICE

I, Brett N. Benton, Esquire, hereby certify that on the date noted below I caused a true and correct copy of Plaintiff's Response to Defendant's Motion for Judgment on the Pleadings to be filed using the Eastern District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electornic filing to be served upon all counsel of record, including:

Cynthia L. Bernstiel, Esquire
Stewart Bernstiel Rebar & Smith
470 Norristown Road, Suite 470
Blue Bell, PA 19422
*cbernsteil@sbrslaw.com*

**RICHARD M. OCHROCH & ASSOCIATES, P.C.**

By: _____
**Richard M. Ochroch, Esquire**
**Brett N. Benton, Esquire**
**Andrew R. Ochroch, Esquire**
I.D. Nos. 21432 / 93267 / 315797
318 S. 16th Street
Philadelphia, PA 19102
Phone: (215) 735-2707
Facsimile: (215) 790-0491
*bbenton@ochroch-law.com*

Attorneys for Plaintiff
Thomas W. Sherwood

Dated: 9/5/17