IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
THOMAS W. SHERWOOD            :
                              : CIVIL ACTION
        Plaintiff             :
                              :
     vs.                      : NO. 17-CV-2694
                              :
EVANSTON INSURANCE COMPANY    :
                              :
        Defendant             :
```

**ORDER**

AND NOW, this    17th    day of October, 2017, upon consideration of Defendant's Motion for Judgment on the Pleadings (Doc. No. 6) and Plaintiff's Response in Opposition thereto, it is hereby ORDERED that the Motion is DENIED.[1]

BY THE COURT:

s/J. Curtis Joyner
J. CURTIS JOYNER,    J.

---

[1] Under Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." "A court will grant a motion for judgment on the pleadings if the movant establishes that 'there are no issues of material fact, and that he is entitled to judgment as a matter of law.'" Allstate Property & Casualty Insurance Co. v. Squires, 667 F.3d 388, 390 (3d Cir. 2012)(quoting Sikirica v. Nationwide Insurance Co., 416 F.3d 214, 220 (3d Cir. 2005)). "In considering a motion for judgment on the pleadings, a court must accept all of the allegations in the pleadings of the party against whom the moiton is addressed as true and draw all reasonable inferences in favor of the non-moving party." Id.(citing Allah v. Al-Hafeez, 226 F.3d 247, 249 (3d Cir. 2000)).

In applying the foregoing Rule 12(c) standards to this case, we find there are indeed issues of material fact as to who and whether the insured property sustained damage as the result of a covered cause of loss to its roof under the policy of insurance which Plaintiff purchased from Defendant. The defendant's motion for judgment on the pleadings is therefore denied.