## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMAS W. SHERWOOD** | Civil Action |
| Plaintiff, | No. 17-cv-02694 |
| v. | |
| **EVANSTON INSURANCE COMPANY** | |
| Defendant. | |

## PLAINTIFF'S PRETRIAL MEMORANDUM

Plaintiff, Thomas W. Sherwood ("Mr. Sherwood" or "Plaintiff"), by and through his counsel, Richard M. Ochroch & Associates, P.C., hereby submits his Pretrial Memorandum.

### A.    Brief Statement of the Nature of the Action and the Basis on Which Jurisdiction of the Court is Invoked

Mr. Sherwood's claim for breach of contract against his property insurer, Defendant, Evanston Insurance Company ("Evanston" or "Defendant"), arises out of Evanston's failure to pay for damage to his property located at 2533-35 Salmon Street, Philadelphia, PA (the "Property").

Defendant removed this matter to this Court from the Pennsylvania Court of Common Pleas of Philadelphia.  Defendant invoked jurisdiction under 28 U.S.C. §§ 1332, 1441, 1446.

### B.    Brief Statement of the Facts of the Case

Mr. Sherwood owns the Property.  The Property is two lots wide and extends from Salmon Street (West side) to Emery Street (East side).  The roof at the Property is low sloped toward Emery Street and enclosed by parapet walls.  The roof at the Property contains vents, ducts, and drains, as well as heating and air conditioning equipment.

In May 2016, there was in full force and effect an insurance policy between Plaintiff and Evanston, Policy No. MKLV10PP001573 (the "Policy").   The Policy is an "all-risk" insurance

policy inasmuch as it provides, among other insurance coverages, property coverage for all risks, unless the cause of loss is excluded or limited.  Policy at CP 00 10 10 12 p. 1 of 16; *id.* CP 10 30 10 12 p. 1 of 10.  As set forth in the Policy, the acts or negligence of third parties beyond the control of Plaintiff, do not affect insurance under the Policy.  Policy at MECP 1215 09 14 p. 2 of 6.

On or about May 30, 2016, there was a storm with heavy rain and wind.  At some time prior to the storm, an individual or individuals beyond Plaintiff's direction and control, placed a large bucket of roofing cement over one of the drains located on the Property's roof, interfering with the roof's drainage system.  As a result of the damage to the roof caused by the bucket of roofing cement, water collected on the roof during the storm, and eventually entered the interior of the Property.  The rain water passed through the roof, by way of vents and ducts, causing significant damage to the interior of the Property.

The Policy limits coverage for interior water damage under the circumstances identified therein:

> The following limitations apply to all policy forms and endorsements, unless otherwise stated:
>
> **1.** We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.
> . . .
> **c. <u>The interior of any building or structure, or to personal property in the building or structured, caused by or resulting from rain</u>**, snow, sleet, ice, sand or dust, whether driven by wind or not, **<u>unless</u>**:
>
> **(1)** The building or structure **<u>first sustains damage by a Covered Cause of Loss to its roof</u>** or walls through which the rain, snow, sleet, ice, sand or dust enters[.]

Policy at CP10301012 p. 6 of 10 (hereinafter the "Interior Water Limitation") (emphasis supplied). Nowhere in the Interior Water Limitation, nor anywhere in the Policy, is it required that the rain enter the Property through an *opening* caused by the rain or that the rain must enter through a certain *portion* of the roof.  *Id.*

Neither the cause of loss, nor the resulting damage are excluded by the Policy.  Despite this, on or about September 26, 2016, Evanston wrongfully denied Plaintiff's claim.

C.       **Every Item of Monetary Damage Claimed**

| | |
|---|---|
| MLA Building Repair Estimate | $64,668.46 |
| Sureline Service Company Invoices | $25,198.00 |
| Engineer Services/Roof Inspection | $3,206.00 |
| Alert One Protection, Inc. Invoice | $665.00 |
| Total | $93,737.46 |

D.       **List of the Names and Addresses of Witnesses Plaintiff Intends to Call at Trial**

1.       **Liability Witnesses**

a.       Belfor Property Restoration
Representative/Custodian of Records
444 N. 3rd Street
First Floor, Suite 103
Philadelphia, PA  19123

b.       Collins, Daniel
2533-35 Salmon Street
Philadelphia, PA  19125

c.       Collins, Jennifer
2533-35 Salmon Street
Philadelphia, PA  19125

d.       Craig, Jeff
Markel Claims
P.O. Box 2009
Glen Allen, VA  23058

  e.  Gordon Jr., James G.
      Risk Assistance, Inc.
      P.O. Box 261
      Oreland, PA  19075

  f.  Selby, Mary Beth
      Markel Claims
      P.O. Box 2009
      Glen Allen, VA  23058

  g.  Sherwood, Thomas
      100 Thompson Mill Road
      Newtown, PA  18940

  h.  Evanston Insurance Company
      Representative/Custodian of Records
      P.O. Box 2009
      Glen Allen, VA  23058

  i.  Risk Assistance, Inc.
      Representative/Custodian of Records
      P.O. Box 261
      Oreland, PA  19075

  j.  Schiavo, Joe
      Sureline Service Co.
      242 Risa Ave.
      Newfield, NJ  08344

  k.  Sureline Service Co.
      Representative/Custodian of Records
      242 Risa Ave.
      Newfield, NJ  08344

Plaintiff reserves the right to call any witness identified by Defendant in its Pre-Trial Memorandum.

  **2.**  **Damages Witnesses**

    a.  Belfor Property Restoration
        Representative/Custodian of Records
        444 N. 3rd Street
        First Floor, Suite 103
        Philadelphia, PA  19123

b.    Collins, Daniel
      2533-35 Salmon Street
      Philadelphia, PA  19125

c.    Collins, Jennifer
      2533-35 Salmon Street
      Philadelphia, PA  19125

d.    Craig, Jeff
      Markel Claims
      P.O. Box 2009
      Glen Allen, VA  23058

e.    Gordon Jr., James G.
      Risk Assistance, Inc.
      P.O. Box 261
      Oreland, PA  19075

f.    Landow, S. Robert
      MLA Claims, LLC
      644 Germantown Pike
      Lafayette Hill, PA  19444

g.    Penza, Charles
      Charles J. Penza & Associates
      31 S. Union Road
      Hammonton, NJ  08037

h.    Ray, Douglas
      Ray's Consulting and Appraisal
      P.O. Box 412
      Kimberton, PA  19442

i.    Schiavo, Joe
      Sureline Service Co.
      242 Risa Ave.
      Newfield, NJ  08344

j.    Sureline Service Co.
      Representative/Custodian of Records
      242 Risa Ave.
      Newfield, NJ  08344

k.    Sherwood, Thomas
      100 Thompson Mill Road
      Newtown, PA  18940

l.      Alert One Protection, Inc.
        Representative/Custodian of Records
        7101 Rising Sun Ave.
        Philadelphia, PA 19111

Plaintiff reserves the right to call any witness identified by Defendant in its Pre-Trial

Memorandum.

**E.      Schedule of Exhibits**

**1.      Sherwood Production**

P-1:    Photographs – SHERWOOD000001-131

P-2:    Video – SHERWOOD000132

P-3:    Video – SHERWOOD000133

P-4:    Video – SHERWOOD000134

P-5:    MLA 8/11/17 Report, Recap of Incurred and/or Estimated Expenses – SHERWOOD000135

P-6:    Ray's Consulting & Appraisal 6/23/16 Report – SHERWOOD000136-155

P-7:    MLA 6/28/16 Report, Recap of Incurred Expenses – SHERWOOD000156

P-8:    Sureline Service Company Invoice No. 1, 6/3/16 ($5,000) – SHERWOOD000204

P-9:    Check No. 12008 issued to Sureline Service Co. ($5,000), dated 5/31/16 – SHERWOOD000158

P-10:   Surline Service Company Invoice No. 2, 6/3/16 ($7,700) – SHERWOOD000205

P-11:   Check No. 12013 issued to Sureline Service Co. ($3,600), dated 5/31/16 – SHERWOOD000160

P-12:   Check No. 12050 issued to Sureline Service Co. ($3,110), dated 6/14/16 – SHERWOOD000161

P-13: Sureline Service Company Invoice No. 3, 6/10/16 ($2,440) – SHERWOOD000206

P-14: Check No. 8635 issued to Sureline Service Co. ($2,440), dated 6/14/16 – SHERWOOD000163

P-15: Sureline Service Company Invoice No. 4, undated ($10,058) – SHERWOOD000207

P-16: Check No. 12049 issued to Sureline Service Co., dated 6/14/16 ($10,058) – SHERWOOD000165

P-17: MLA 8/11/17 Recap of Incurred and/or Estimated Expenses – SHERWOOD000166

P-18: MLA Building Permanent Repair Estimate – SHERWOOD000167-172

P-19: Charles J. Penza 6/29/16 Invoice – SHERWOOD000173-174

P-20: Charles J. Penza 6/29/16 Report – SHERWOOD000175-195

P-21: Benton 2/23/17 Correspondence – SHERWOOD000196-201

P-22: Selby 3/3/17 Correspondence – SHERWOOD000202

P-23: Benton 3/21/17 Correspondence – SHERWOOD000203

2.    **Evanston Production**

P-24: Insurance Policy Declarations Renewal 11/25/15 and Schedules – EVANSTON000001-11

P-25: Selby/Markel 3/10/17 Email – EVANSTON00012

P-26: Risk Assistance, Inc. Invoice – EVANSTON000043-44

P-27: Risk Assistance, Inc. 10/4/16 Report – EVANSTON000045

P-28: Gordon/Markel 10/20/16 Email – EVANSTON000046

P-29: Evanston Mail Report – EVANSTON000047-49

P-30: Evanston 9/26/16 Correspondence – EVANSTON000051-54

P-31: Selby 9/26/16 Emails – EVANSTON00055

P-32:   Craig and Selby 9/26/16 Emails – EVANSTON000060-61

P-33:   MLA 8/29/16 Email – EVANSTON000068-69

P-34:   Risk Assistance Inc. 8/29/16 3rd Report – EVANSTON000069-70

P-35:   Gordon 8/29/16 Letter – EVANSTON000071-72

P-36:   Gordon/Selby Emails – EVANSTON000073-76

P-37:   2015 Insurance Application – EVANSTON000082-121

P-38:   Selby Letter, 8/5/16 – EVANSTON000121-126

P-39:   Selby and Craig Emails, 8/5/16 – EVANSTON000132

P-40:   Selby/Gordon 8/5/16 Email – EVANSTON000133

P-41:   Gordon/Craig/Selby Emails – EVANSTON000135-138

P-42:   Gordon/Craig/Selby 7/27/16 Emails – EVANSTON000160-178

P-43:   Risk Assistance Inc. 7/11/16 Letter – EVANSTON000179-180

P-44:   Risk Assistance, Inc. 7/11/16 2nd Report – EVANSTON000181-182

P-45:   MLA   6/28/16   Report,   Recap   of   Incurred   Expenses   –
        EVANSTON000183

P-46:   Sureline Service Company Invoices (nos. 001, 002, 003, 004) and
        Check Payments (nos. 12008, 12013, 12050, 8635, 12049) –
        EVANSTON000184-192

P-47:   MLA 3/14/17 Recap of Incurred and/or Estimated Expenses –
        EVANSTON000193

P-48:   Gordon/Evanston 7/12/16 Email – EVANSTON000194

P-49:   Ray Consulting & Appraisal 6/23/16 Report (with photos) –
        EVANSTON000195-214

P-50:   Gordon Photo Captions – EVANSTON000215-246

P-51:   Risk Assistance, Inc. 6/22/16 1st Report – EVANSTON000247-249

P-52:   Belfor Photos – EVANSTON000250-258

P-53:   June 2016 Gordon/Selby Emails – EVANSTON000259-260

P-54:   Risk Assistance, Inc. 6/2/16 Claim Acknowledgement Letter – EVANSTON000261

P-55:   Risk Assistance/Selby 6/2/16 Email – EVANSTON000262

P-56:   May 2016 Evanston/MLA Emails – EVANSTON000263-264

P-57:   MLA Contract and Email – EVANSTON000343-348

P-58:   Claim Assignment and ISO Claim Search – EVANSTON000426-428

P-59:   Selby 3/14/17 Correspondence – EVANSTON000429

P-60:   Claim Notes/Log 5/31/16 to 3/10/17 – EVANSTON000435-442

P-61:    Certified Insurance Policy – EVANSTON000445-521

**3.      RAI Production**

P-62:   Gordon Handwritten Notice – RAI000015-18

P-63:   Alert One Protection, Inc. Invoice No. 2303, 6/9/16 ($665) – RAI000046

P-64:   MLA 7/13/16 Letter – RAI000047

P-65:   Property Schedule w/ Hand Written Notes – RAI000067

P-66:   Gordon Handwritten Notes – RAI000069

P-67:   New Claim Assignment Form w/ Handwritten Notes – RAI000070

P-68:   Belfor Photos – RAI000075-83

P-69:   Gordon Property Estimate – RAI000084-94

**4.      Written Discovery**

P-70:   Defendant's Initial Disclosures

P-71:   Plaintiff's First Set of Interrogatories

9

P-72:   Defendant's Response to Plaintiff's First Set of Interrogatories

P-73:   Plaintiff's First Request for Production of Documents

P-74:   Defendant's Response to Plaintiff's First Request for Production of Documents

P-75:   Defendant's First Set of Interrogatories

P-76:   Plaintiff's Response to Defendant's First Set of Interrogatories

P-77:   Defendant's First Request for Production of Documents

P-78:   Plaintiff's Response to Defendant's First Request for Production of Documents

**5.**   **Depositions**

P-79:   Deposition Transcript of James Gordon, Jr., with Exhibits

P-80:   Deposition Transcript of Charles Penza, with Exhibits

**6.**   **Pleadings**

P-81:   Plaintiff's Complaint

P-82:   Defendant's Notice of Removal

P-83:   Defendant's Answer to Complaint with Affirmative Defenses

**7.**   **Expert Reports and Curriculum Vitae**

P-84:   Curriculum Vitae of S. Robert Landow

P-85:   Curriculum Vitae of Charles J. Penza

**8.**   **Additional Exhibits**

P-86:   Certified Weather Reports

P-87:   Any other documents exchanged between the parties

P-88:   Any other pictures exchanged between the parties.

Plaintiff reserves the right to offer any records that have previously been exchanged or identified in Defendant's Pre-Trial Memorandum.

**F.**     **Estimate of the number of Days of Trial**

3 days.

**G.**     **Special Comments Regarding Legal Issues, Stipulations, Amendments of Pleadings, or Other Appropriate Matters**

The parties dispute the interpretation of the Interior Water Damage Limitation, and the impact it has on coverage available to Mr. Sherwood under the Policy.  Plaintiff contends that the exception to the limitation cited above does not require a covered cause of loss to create a new opening in the roof through which water enters the interior of the property, nor does it require that water enter through the portion of the roof first damaged by a covered cause of loss.  Rather, Plaintiff contends that the exception to the limitation is triggered when a covered cause of loss damages the roof, and rain water enters the interior of the property as a result thereof, which is what occurred in this loss.   Upon information and belief, Defendant contends the exception to the limitation will not apply, absent water passing through the portion of the roof first damaged by the covered cause of loss.

**H.**     **Objections to the Authenticity of Expert Witnesses**

None.

**I.**     **Stipulations of Uncontested Facts**

The parties are working to complete stipulations of uncontested facts.

Respectfully submitted,

**RICHARD M. OCHROCH & ASSOCIATES, P.C.**


By:      /s/ Brett N. Benton
         **Richard M. Ochroch, Esquire**
         **Brett N. Benton, Esquire**
         **Andrew R. Ochroch, Esquire**
         I.D. Nos. 21432 / 93267 / 315797
         318 S. 16th Street
         Philadelphia, PA 19102
         Phone: (215) 735-2707
         Facsimile: (215) 790-0491
         *bbenton@ochroch-law.com*

         Attorneys for Plaintiff
         Thomas W. Sherwood


Dated: 7/30/18

## <u>CERTIFICATE OF SERVICE</u>

I, Brett N. Benton, Esquire, hereby certify that on the date noted below I caused a true and

correct copy of Plaintiff's Pretrial Memorandum to be served via email and/or first class mail upon:


Cynthia L. Bernstiel, Esquire
Marco Di Prato, Esquire
Rebar Bernstiel
470 Norristown Road, Suite 201
Blue Bell, PA  19422
*cbernstiel@rebarbernstiel.com*
*mdiprato@rebarbernstiel.com*


**RICHARD M. OCHROCH & ASSOCIATES, P.C.**


By:      /s/ Brett N. Benton
**Richard M. Ochroch, Esquire**
**Brett N. Benton, Esquire**
**Andrew R. Ochroch, Esquire**
I.D. Nos. 21432 / 93267 / 315797
318 S. 16th Street
Philadelphia, PA 19102
Phone: (215) 735-2707
Facsimile: (215) 790-0491
*bbenton@ochroch-law.com*

Attorneys for Plaintiff
Thomas W. Sherwood


Dated: 7/30/18