IN THE DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS W. SHERWOOD,** | : | **CIVIL ACTION** |
| Plaintiff, | : | Case No. 2:17-cv-02694 |
| v. | : | |
| **EVANSTON INSURANCE COMPANY,** | : | |
| Defendant. | : | |

**PRETRIAL MEMORANDUM OF DEFENDANT
EVANSTON INSURANCE COMPANY**

Defendant, Evanston Insurance Company ("Evanston"), by and though its undersigned counsel, Rebar Bernstiel, respectfully submits the following Pretrial Memorandum.

I.  **Brief Statement of the Nature of the Action and the Basis on Which the Jurisdiction of the Court is Invoked**

This action involves a first-party property insurance coverage dispute under a commercial policy issued to Plaintiff Thomas Sherwood ("Plaintiff") by Evanston. Plaintiff submitted an insurance claim to Evanston seeking coverage for the interior damage to Mr. Sherwood's property, located at 2533-35 Salmon Street in Philadelphia (the "Property"). Plaintiff contends that the loss occurred on May 30, 2016 when an unidentified contractor who was working on the roof of an adjacent property placed a five-gallon pail of roof cement over the Property's roof drain, which placement allowed nine-to-ten (9-10) inches of water to accumulate on the roof and enter the Property through an undamaged vent.

After investigating the claim, Evanston concluded that the Policy did not afford coverage for the loss, denying the claim by letter dated September 26, 2016. There are several reasons why

Plaintiff cannot recover in this litigation. First, the Policy limits coverage for interior water damage to only water that enters the Property through damage to the roof or walls that is caused by a Covered Cause of Loss. Because Plaintiff concedes that the water entered the interior of the Property through an undamaged vent, the alleged interior water damage does not fall within the Policy's limitation. In addition, the Policy precludes coverage for latent defects. Finally, Evanston will introduce evidence at trial to demonstrate that Plaintiff's alleged damages are inflated and contain duplicative charges.

## II.     Statement of Material Facts

The Property is a two-story structure with a flat roof. The Property has a single rainwater downspout located at the right-front corner of the roof of the Emery Street side. The downspout does not have a drain cover. Plaintiff claims that following a May 30, 2016 storm, a five-gallon bucket blocked the Property's roof drain, which caused between nine (9) to ten (10) inches of rain to accumulate on the Property's roof and enter through an undamaged vent. On May 31, 2016, Plaintiff submitted an insurance claim. Plaintiff estimated the interior water damage to be in excess of $100,000. Evanston investigated the claim.

In support of the claim, Plaintiff submitted an engineering report authored by Charles Penza. Mr. Penza concluded that the Property's roof was in good condition and did not sustain any direct physical loss or damage as a result of any storm in the month of May 2016. Evanston denied Plaintiff's claim on September 26, 2016.

## III.    Monetary Damages

Plaintiff is not entitled to any damages because the Policy does not cover the loss. Even if the Policy covered the loss, Plaintiff's estimate of damages is incorrect. Because Plaintiff

repaired the damage to the Property, the correct measure of damages is the actual cost incurred. Alternatively, Evanston's damage estimate is accurate.

**IV.        Names and Addresses of Witnesses Evanston Intends to Call at Trial**

Evanston reserves the right to call each of the individuals listed in Plaintiff's Pretrial Memorandum on the issues of liability and damages. In addition, Evanston reserves the right to call the following:

1. Collins, Daniel
   2533-35 Salmon Street
   Philadelphia, PA 19125

2. Collins, Jennifer
   2533-35 Salmon Street
   Philadelphia, PA 19125

3. Craig, Jeff
   Markel Claims
   P.O. Box 2009
   Glen Allen, VA 23058

4. Selby, Mary Beth
   Markel Claims
   P.O. Box 2009
   Glen Allen, VA 23058

5. Sherwood, Thomas
   100 Thompson Mill Road
   Newtown, PA 18940

6. Evanston Insurance Company
   Representative/Custodian of Records
   P.O. Box 2009
   Glen Allen, VA 23058

7. Schiavo, Joe
   Sureline Service Co.
   242 Risa Ave.
   Newfield, NJ 08344

      8.  Sureline Service Co.
    Representative/Custodian of Records
    242 Risa Ave.
    Newfield, NJ 08344

      9.  James Gordon
    Risk Assistance, Inc.
    P.O. Box 261
    Oreland, PA 19075

**V.**    **Exhibits**

Evanston reserves the right to introduce the following exhibits at trial as well as any documents exchanged between the parties during the course of this litigation:

1. Certified copy of insurance policy (Bates No. Evanston 445 – 521);

2. Evanston's 9/26/16 denial letter (Bates No. Evanston 51 – 54);

3. Evanston's 8/5/16 Reservation of Rights letter (Bates No. Evanston 63 – 67);

4. Jim Gordon's July 11, 2016 letter to Robert Landow (Bates No. Evanston 179 – 180);

5. Jim Gordon's 8/29/16 letter to Robert Landow (Bates No. Evanston 71 – 72);

6. Jim Gordon's Estimate of Damage (Bates No. RAI 84 – 93);

7. Jim Gordon's Photographs (Bates No. Evanston 215 – 246);

8. Photographs produced by Plaintiffs (Sherwood 1 – 131);

9. Plaintiff's Application for Insurance (Bates No. Evanston 81 – 120);

10. Charles Penza's June 29, 2016 report (Bates Nos. Evanston 140 – 159);

11. May 31, 2016 Notice of Loss sent by MLA Claims to Evanston (Bates No. Evanston 263 - 264);

12. Plaintiff's Contract with MLA Claims (Bates No. Evanston 343 – 344);

13. Discoverable & Admissible Portions of Evanston's Electronic Log Notes (Bates No. Evanston 435 – 442);

14. Relevant report(s) / communications from Jim Gordon to Mary Selby;

15. Relevant portions of Evanston's claim file;

16. Relevant portions of Plaintiff's discovery responses and document production;

17. Plaintiff's Complaint;

18. Evanston's Discovery Requests to Plaintiff along with Plaintiff's responses;

19. Deposition transcript of Charles Penza;

20. Deposition transcript of James Gordon;

21. Curriculum Vitae of James Gordon;

22. Certified Weather Reports;

23. Relevant portions of the International Plumbing Code;

24. Relevant portions of the International Building Code;

25. Evanston reserves the right to introduce any relevant and admissible document identified by Plaintiff in its Pre-Trial Memorandum.

## VI. Estimated Number of Days for Trial

Evanston estimates the trial will take four (4) days.

## VII. Special Comments Regarding Legal Issues, Stipulations, Amendments of Pleadings, or Other Appropriate Matters

A question exists concerning the proper measure of damages. Plaintiff intends to present Ray Douglas as an expert to testify in accordance with the estimate that he prepared. Because the Property was repaired, Mr. Douglas' estimate is inadmissible because Plaintiff is indemnified only for the total cost to repair or replace the damaged portions of the Property. *See London v. Insurance Placement Facility*, 703 A.2d 45, 60 (Pa. Super. 1997). This is consistent with the Policy's Loss Payment provision, which limits Plaintiff's recovery to the lesser of: (1)

the applicable limit of insurance; (2) the cost to replace the lost or damaged property with other property of comparable material and quality used for the same purpose; or (3) the amount actually spent that is necessary to repair or replace the lost or damaged property. Policy Form *CP 00 10 10 12* at p. 15 of 16.

A second question is whether Plaintiff's public adjuster may testify. Given his pecuniary interest in this case, the public adjuster cannot testify at trial. *See, e.g., Mushroom Transp. Co. v. Cont'l Bank,* 70 BR. 416, 418 (Bankr. E.D. Pa. 1987). An expert witness's contingent financial interest poses a risk that the witness's testimony is not reliable. *See Belfonte v. Miller*, 212 Pa. Super. 508, 512-13, 243 A.2d 150, 152 (Pa. Super. 1968).

**Respectfully submitted,**

**REBAR BERNSTIEL**

**BY:** **/s/ Cynthia L. Bernstiel, Esquire**
**Cynthia L. Bernstiel, Esquire**
470 Norristown Road, Suite 310
Blue Bell, PA 19422
Identification No. 75518
(484) 344-5340
(484) 344-5341 (fax)
cbernstiel@rebarbernstiel.com

*Attorneys for Defendant*
*Evanston Insurance Company*

Dated: August 16, 2018